| | | |
|---|---|---|
| ALFRED RATTLER, | * | |
| Petitioner, | * | |
| v. | * | Case No.: GJH-15-1799 |
| WARDEN R. GRAHAM, *et al.*, | * | |
| Respondents. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Alfred Rattler, an inmate at the Western Correctional Institution in Cumberland, Maryland, filed a Petition for Writ of Habeas Corpus regarding his 2000 convictions for armed robbery and related offenses. ECF No. 1 (supplemented by ECF No. 3, ECF No. 4, ECF No. 6). In a limited answer, Respondents Warden R. Graham and the Attorney General of the State of Maryland argue that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 5. Rattler argues that his claim is not time-barred because he has presented a colorable claim of actual innocence and is entitled to equitable tolling of his time limitation. ECF No. 11 at 6.[1] No evidentiary hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). For the reasons set forth herein, the Petition is denied.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system. The Court notes that Petitioner's Response to Respondent's Answer appears to be missing what he has labeled as page 4 and page 8.

I.  **BACKGROUND**[2]

In October 1999, after a jury trial in the Circuit Court for Montgomery County, Rattler was convicted of armed robbery, assault, illegal use of a handgun, and illegal possession of a handgun. ECF No. 9-1 at 1; ECF No. 9-2. Rattler was sentenced on June 7, 2000, to a twenty-five year term of confinement. *Id.* He appealed his conviction, and on May 11, 2001, the Court of Special Appeals of Maryland affirmed Rattler's conviction for illegal use of a handgun and illegal possession of a handgun, vacated his first degree assault convictions and remanded the case for resentencing on the armed robbery conviction. ECF No. 9-2 at 15. Rattler filed a petition for writ of certiorari to the Court of Appeals of Maryland, which was denied on September 14, 2001. *See Rattler v. State*, 365 Md. 475 (2001). Rattler's convictions became final on December 14, 2001. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (noting that time for appealing state court conviction concludes when time for filing petition for writ of certiorari in the Supreme Court, ninety days, expires).

Rattler filed a motion for a new trial on September 11, 2000, which was denied on November 30, 2001. ECF No. 9-1 at 38. The Court of Special Appeals affirmed this ruling, ECF No. 9-3, and the court's mandate issued on February 10, 2003. ECF No. 9-1 at 45. Rattler did not seek further review of this decision and the judgment became final on February 25, 2003. *See* Md. Rule 8-302 (requiring petition for writ of certiorari be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).

On July 27, 2007, Rattler filed a petition for post-conviction relief in the circuit court, ECF No. 9-1 at 46, which, after being amended, the court denied on January 19, 2012. ECF No. 9-1 at 67. Rattler's application for leave to appeal the denial of other post-conviction relief was

---

[2] The facts relied on herein are either undisputed or viewed in the light most favorable to the non-movant.

denied by the Court of Special Appeals on April 8, 2013. ECF No. 9-4 at 2. The court denied Rattler's motion for reconsideration and issued its mandate on January 29, 2014. *Id.* at 1.

Rattler filed the instant petition on June 14, 2015.[4] ECF No. 1. He alleges prosecutorial misconduct in that the state's attorneys failed to turn over forensic reports regarding the bullet that was recovered from the crime scene, ECF No. 3 at 5, failed to disclose the details of the "deal/arrangement between Ronald Calvin Hawkins[5] and the Maryland Virginia law enforcement agencies," *id.* at 22, and elicited false testimony from Hawkins, *id.*, at 37. Rattler explains that motions regarding the turning over of the forensic reports and any known deals were argued in pretrial motions. *Id.* at 5, 24. Rattler also alleges here that the search and seizure warrants issued in his case were improperly obtained. ECF No. 4-1 at 10. The legality of the warrants was also litigated at a pretrial suppression hearing. *Id.*

On October 28, 2015, Respondents filed a limited answer, arguing that Rattler's petition is time-barred and should be dismissed on that basis. ECF No. 9 at 7. The Court issued an Order on October 30, 2015, granting Rattler twenty-eight days from that date to file a response addressing the timeliness issue. ECF No. 10. Rattler's response was received on November 25, 2015. ECF No. 11.

## II. STANDARD OF REVIEW

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

---

[4] The Petition was received on June 18, 2015, but is dated June 14, 2015, and is deemed to have been filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[5] Rattler had reported his car stolen. Hawkins was arrested in Alexandria, Virginia while driving Rattler's car. Hawkins offered to Virginia police that he had information about armed robberies in the area. Ultimately he advised police and testified at trial that he was an unwitting passenger in Rattler's vehicle when Rattler stopped and committed an armed robbery of "Hamburger Hamlet" in Montgomery County, Maryland. Hawkins was released from detention in Virginia to Maryland authorities and was not charged with the theft of Rattler's vehicle. ECF No. 3 at 25.

3

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§ 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

## III. DISCUSSION

### A. Timeliness of Rattler's § 2254 Petition

Respondents argue that the petition is time-barred and should be dismissed. ECF No. 9 at 7. In his supplemental briefs, Rattler acknowledges that his arguments are "untimely claims," but asks that the Court consider his claims because he is "presenting sufficient evidence of an 'actual innocence' claim." ECF No. 4-1 at 1; ECF No. 11 at 5–6. Similarly, in his Response to Respondents' Answer, he does not contend that his Petition complies with § 2244(d)(1), but argues that he is entitled to equitable tolling. ECF No. 11 at 5–6.

4

As noted above, Rattler's convictions became final on December 13, 2001, and the statute of limitations began to run on December 14, 2001. *See* 28 U.S.C. § 2244(d)(1). Assuming, without deciding, that each of the motions filed by Rattler in the state court after his convictions became final did serve to toll the limitations period (*see* 28 U.S.C. § 2244(d)(2)), his state court motions and post-conviction proceedings concluded on January 29, 2014, when he no longer had any motions pending in state court and his state post-conviction proceeding was finalized. He did not file the instant petition until June 14, 2015, well after the one year limitations period expired. As such, on its face, Rattler's petition is improper.

**B. Excuse of Late Filing for "Actual Innocence"**

The Supreme Court held in *McQuiggin v. Perkins* that a petitioner who demonstrates "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" may proceed with a habeas petition that otherwise would have been statutorily time-barred. 133 S. Ct. 1924, 1936 (2013). *See also United States v. Jones*, 758 F.3d 579, 581 (4th Cir. 2014). The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (brackets omitted) (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)). "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.*, at 315–17. Examples of potentially sufficient new evidence include "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy

5

eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted). The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404–05 (4th Cir.), *appl. for stay and cert. denied sub. nom. Wilson v. Taylor*, 525 U.S. 1012 (1998). The new evidence must do more than undermine the finding of guilt; it must "demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt." *Teleguz v. Zook*, 806 F.3d 803, 808 (4th Cir. 2015), *cert. denied*, 137 S. Ct. 95 (2016).

Rattler makes a number of arguments, detailed below, that he was not afforded access to evidence or other procedural protections. These arguments, however, present neither new evidence nor evidence that demonstrates his innocence.

Rattler argues that he was not provided with certain reports; however, he does not identify the reports that were not turned over, nor does he explain how the alleged failure to provide the reports demonstrates his actual innocence. Instead, Rattler provides excerpts of the transcript from his criminal trial wherein Terry Eaton, the forensic firearm and tool mark examiner for the Prince George's County Police, was called to testify. ECF No. 3 at 18–19. Eaton testified that he tested the bullet recovered from the crime scene against the weapon recovered from Rattler's bedroom and concluded that the recovered weapon was in fact the weapon that fired the recovered bullet. *Id.* at 20. Rattler does not explain how the unidentified ballistic reports would have shown his "actual innocence."

In regard to his claim that the Assistant State's Attorney failed to disclose "deals" arranged with the state's chief witness, Rattler offers that this issue was argued at a pretrial motions hearing. ECF No. 3 at 24. During the motions hearing, Assistant State's Attorney Schweitzer advised the court that there were no promises, inducements or deals made with

Hawkins other than what had previously been disclosed. *Id.* Schweitzer further offered that there was some question as to whether the "automobile thing over in Alexandria" had been solved, but Schweitzer indicated that the defense had that full history and they could make their own decision. Schweitzer further indicated that other than what had happened in Virginia no other promises had been made. *Id.*

In support of his contention that Hawkins made a deal for his release with Virginia authorities, Rattler has provided a copy of Hawkins's arrest report, ECF No. 6-10, and details regarding how Hawkins came to the attention of Maryland authorities, ECF No. 3 at 30. Rattler does not explain how this evidence is new or newly discovered. It is apparent from Rattler's filings that he and his defense counsel knew prior to trial that Hawkins had made some beneficial arrangement in exchange for his providing information against Rattler in regard to the armed robbery. *See* ECF No. 3 at 42 ("The Grand Larceny Auto/Hoffmaster Report was a part of the State's 'Discovery' package."); ECF No. 6-10 at 3 (document labeled the "Hoffmaster Report," discusses that Hawkins was "released on a personal bond" after being arrested "[d]ue to Hawkins['] desire to work with the police" against Rattler). Rattler does not explain how any of this constitutes new evidence or advances his claim of actual innocence.

Rattler also notes discrepancies in Hawkins's testimony regarding when Rattler loaned Hawkins his car and under what circumstances. ECF No. 3 at 44–45, 52. Again, none of the issues that Rattler has identified regarding Hawkins's testimony constitutes new evidence. The issues raised regarding the inconsistencies in Hawkins's testimony were known to defense counsel. Moreover, none of the issues with Hawkins's testimony demonstrates Rattler's actual innocence.

Rattler's proffered "newly discovered evidence" is insufficient to meet the demanding actual innocence standard, which requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. Rattler has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar. Rattler has offered no new evidence in support of his claim of actual innocence. Rattler fails to demonstrate that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). Therefore, Rattler's failure to meet the one-year statute of limitations is not excused.

### C. Equitable Tolling

Although he briefly mentions that he is entitled to "Equitable Tolling," Rattler does not offer any specific arguments demonstrating that the Court should equitably toll his one-year filing deadline, other than his previously discussed claim of "actual innocence." The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling, a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and

8

"reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Rattler's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330. The Court concludes that Rattler is not entitled to equitable tolling. Accordingly, the Petition is time-barred and is denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason;

otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack*, 529 U.S. at 484). Here, it is clear that Rattler did not comply with the one-year statute of limitations of § 2244(d)(1), and that he has not sufficiently put forth a claim of actual innocence; "jurists of reason" would not find this to be debatable. Therefore, this Court will not issue a COA.

V.     **CONCLUSION**

For the foregoing reasons, Rattler's Petition for Writ of Habeas Corpus, ECF No. 1, is denied and this action is dismissed. A separate Order follows.

Dated: October 30, 2017

GEORGE J. HAZEL
United States District Judge